IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BROOKE N. MANN,**

       **Plaintiff,**                                    Civil Action 2:24-mc-0041
                                                      Judge James L. Graham
      v.                                                    Magistrate Judge Elizabeth P. Deavers

**LNKBOX GROUP, INC.,** *et al.***,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Brian O'Donel's Motion to Quash Subpoena Duces Tecum. (Mot., ECF No. 1.) Plaintiff filed a Memorandum in Opposition. (Resp., ECF No. 4.) Mr. O'Donel filed a Reply in support of his Motion to Quash. (Reply, ECF No. 5.) This matter is ripe for judicial review.[1]

Plaintiff served Mr. O'Donel with a subpoena on October 25, 2024, in relation to her case *Mann v. LNKBox Group, Inc., et al*, Case No. 2:22-cv-2553 ("*Mann*") currently pending in this Court. (*Mann*, ECF No. 149-3.) Mr. O'Donel objects to the subpoena because he cannot produce the requested documents, as he does not own or control them, and certain requested information has already been disclosed. (Mot. at PageID 6–8.) Plaintiff utterly fails to address the salient issues raised by Mr. O'Donel in his Motion to Quash. The Court could quash the subpoena for that reason alone. Counsel for Plaintiff instead spends a great deal of energy trying

---

[1] Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. The Court is satisfied that the parties have met this prerequisite.

to convince the Court that he did not behave disrespectfully during the meet and confer and consistently conflates Mr. O'Donel with his employer. (Resp. at PageID 50–51, 56–60.)

Nevertheless, the Court finds that the subpoena must be quashed because it violates the discovery deadline. A court may *sua sponte* quash a subpoena. *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786198, at *6 (M.D. Tenn. May 16, 2016) (collecting cases). "A subpoena issued pursuant to Fed. R. Civ. P. 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order." *Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018) (citing *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10-cv-00083, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011) (quotations omitted). The Court's scheduling order in *Mann* expressly cautions that "all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date." (*Mann*, ECF No. 10.)

"Courts act within their sound discretion in quashing a subpoena where the discovery sought would not be produced until after expiration of the discovery deadline." *Allstate*, 309 F. Supp. 3d at 514 (citing *Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003); *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995); *Fields v. Runyon*, No. 95–3987, 1996 WL 599820, at *2 (6th Cir. Oct. 17, 1996). The discovery deadline in this case was October 26, 2024.[2] (*Mann*, ECF No. 121.) Although Plaintiff served the subpoena before the discovery deadline, on October 25, 2024, the production requested would occur weeks after the deadline. (*Mann*, ECF No. 149-3.)

---

[2] The Court notes that on November 1, 2022, it set the first discovery deadline for nearly a year later, October 26, 2023. (*Mann*, ECF No. 10.) The Court has since granted the parties' requests to extend the discovery deadline twice and warned the parties six months ago that no further extensions would be granted absent a showing of extraordinary cause. (*Mann*, ECF Nos. 27, 121.)

In addition, Plaintiff's counsel's behavior has again fallen far short of the Court's expectations.  (*Mann*, ECF No. 115.)  As this Court has stated in its Introductory Statement on Civility in the Local Rules, lawyers "must acknowledge in their behavior that common courtesy, respect, and personal integrity play an essential role in the administration of justice."  Plaintiff's counsel, however, has not acted with common courtesy or respect towards opposing counsel.  The Court will not recount each example of Plaintiff's counsel's disrespectful behavior and rhetoric, as it is obvious from the pleadings in this case alone.  (ECF No. 1, at PageID 3–4; ECF Nos. 1-4, 1-5; ECF No. 4, at PageID 50; ECF No. 5 at PageID 131.)  The Court **WARNS** Plaintiff's counsel that this is his **FINAL** admonishment without sanctions and that any continued disregard for the Court's rules and expectations regarding civility and respect will be subject to **SANCTIONS**.

Accordingly, the Court *sua sponte* **QUASHES** the subpoena.  Brian O'Donel's Motion to Quash Subpoena Duces Tecum (ECF No. 1) is **DENIED as moot**.

**IT IS SO ORDERED.**

**Date: December 17, 2024**               */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **UNITED STATES MAGISTRATE JUDGE**